# In the United States Court of Federal Claims

No. 19-1457C

(Filed: December 5, 2019)

**(NOT TO BE PUBLISHED)**

```
*************************************  )
DAVID MEYERS,                          )
                                       )
                       Plaintiff,      )
                                       )
        v.                             )
                                       )
UNITED STATES,                         )
                                       )
                       Defendant.      )
                                       )
*************************************
```

David Meyers, *pro se*, Big Stone Gap, Virginia.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Kenneth M. Dintzer, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is plaintiff's motion to proceed *in forma pauperis*. The United States ("the government") opposes this motion. *See* Def.'s Resp. to Pl.'s *in forma pauperis* Appl. and Mot. to Dismiss Pl.'s Compl. pursuant to 28 U.S.C. § 1915(g) or, in the Alternative, RCFC 12(b)(1) & 12(b)(6) ("Def.'s Opp'n"), ECF No. 9. Among other things, the government contends that Mr. Meyers is incarcerated and has filed more than three cases that were dismissed as frivolous. Def.'s Opp'n at 1. Mr. Meyers has filed a reply. ECF No. 14.

For the reasons stated, plaintiff's motion for leave to proceed *in forma pauperis* is DENIED. In addition, defendant's motion to dismiss Mr. Meyers' complaint is GRANTED.

## BACKGROUND

Mr. Meyers is currently incarcerated in a state prison in Virginia. He names as defendants the judges of the United States Court of Appeals for the Fourth Circuit, Treasury Secretary Steven Mnuchin, and various governmental subdivisions or employees. Compl. at 1-4.

He claims "terrorist attacks, sex crimes, hate crimes, and racketeering activities," as well as social discrimination against him. Compl. at 1. He seeks $6,700,000 in damages. Compl. at 1.

## STANDARDS FOR DECISION

The Prison Litigation Reform Act of 1996 limits the ability of incarcerated persons with a history of filing frivolous lawsuits from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *see also Cotner v. United States*, No. 13-407C, 2013 WL 6139791, at *1 (Fed. Cl. Nov. 22, 2013). "[C]ommonly referred to as the 'three strikes' provision, [the Prison Litigation Reform Act of 1996] prohibits an incarcerated person from proceeding *in forma pauperis* when that individual has filed three or more actions or appeals which were dismissed as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted.'" *Cotner*, 2013 WL 6139791, at *1 (quoting 28 U.S.C. § 1915(g)). There is an exception, however, for "prisoners under 'imminent danger of serious physical injury.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Thus, for an incarcerated frivolous litigator to be permitted to proceed *in forma pauperis*, they must allege sufficient facts in their complaint that demonstrate they are under "imminent danger of serious physical injury." *Id.* (quoting 28 U.S.C. § 1915(g)).

## ANALYSIS

Mr. Meyers has a history of filing frivolous actions while incarcerated. *See Meyers v. Roanoke U.S. Attorney*, 2019 WL 4247833, at *1 (W.D. Va. Sept. 6, 2019) (stating that Mr. Meyers has filed at least 35 civil cases in the United States District Court for the Western District of Virginia and listing numerous matters that were dismissed as frivolous), *appeal docketed*, No. 19-7363 (4th Cir. Nov. 16, 2019). The district court in September 2019 entered a pre-filing injunction against Mr. Meyers, *see Meyers*, 2019 WL 4247833, at *4 ("I find it necessary and appropriate to issue a pre-filing injunction against [Mr.] Meyers."); and Mr. Meyers concedes as much, *see* Compl. at 3.

In light of these circumstances, Mr. Meyers manifestly is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). His frivolous lawsuits while incarcerated exceed the "three strikes" prescribed by the Prison Litigation Reform Act of 1996. Thus, to proceed *in forma pauperis*, Mr. Meyers must have alleged facts that indicate he is in imminent danger of serious physical harm. Mr. Meyers fails this burden. His complaint vaguely alleges that the person responsible for his confinement is "trying to murder me[,] stating I have to sign a contract stating my pleadings [are] not against him and the judges." Compl. at 2. In its most recent opinion, the District Court for the Western District of Virginia noted that "in other cases, the court has had multiple hearings regarding whether [Mr.] Meyers is in imminent danger of serious physical harm, . . . and has dismissed several cases after finding that he is not in imminent danger of serious physical harm." *Meyers*, 2019 WL 4247833, at *2. But, much like in his prior litigation, Mr. Meyers' complaint contains no allegations of fact that could plausibly suggest he is in imminent danger of serious physical harm. Therefore, the court determines Mr. Meyers is unable to proceed *in forma pauperis*.[1]

---

[1] Mr. Meyers also avers that the pre-filing injunction issued against him "prohibit[s] [him] from arguing [his] claims." Compl. at 3.

Mr. Meyers also asserts claims against parties other than the United States. Those claims are outside the jurisdiction of this court, which possesses juridical power to entertain only claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (With limited exceptions, none of which are applicable here, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (ruling that the Court of Federal Claims lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"). As a result, this court cannot exercise jurisdiction over any of Mr. Meyers' claims against persons and entities other than the United States.

And, Mr. Meyers does not allege the existence of a contract between him and any agency of the federal government, and his complaint does not identify money-mandating statutes or constitutional provisions. The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). No such claims are stated; in fact, the complaint does not appear to allege any cause of action at all, except perhaps tort claims, over which this court has no jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Thus, Mr. Meyers' complaint is subject to dismissal for lack of subject-matter jurisdiction and failure to state a claim.

## CONCLUSION

For the reasons stated, Mr. Meyers' motion for leave to proceed *in forma pauperis* is DENIED. Additionally, defendant's motion to dismiss Mr. Meyers' complaint is GRANTED on the ground that it is frivolous within the meaning of 28 U.S.C. § 1915A(b)(1), lacks subject-matter jurisdiction, and fails to state a claim.[2]

The Clerk shall enter judgment in accord with this disposition.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[2] Mr. Meyers has also filed a Motion for Leave to File Amended Claim, ECF No. 10; a Motion to Appoint Counsel, ECF No. 11; a second Motion for Leave to file Amended Claim, ECF No. 13; and a Motion for Review of District Court's Order of Dismissal, ECF No. 12. Each of those motions is DENIED in light of the court's disposition of Mr. Meyers' motion to proceed *in forma pauperis*.